**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

The State, Respondent,

v.

Melvin James White, Appellant.

Appellate Case No. 2019-001854

———————

Appeal From Richland County
D. Craig Brown, Circuit Court Judge

———————

Unpublished Opinion No. 2022-UP-450
Submitted October 1, 2022 – Filed December 14, 2022

———————

**AFFIRMED**

———————

Appellate Defender Sarah Elizabeth Shipe, of Columbia
for Appellant.

Attorney General Alan McCrory Wilson, Assistant
Attorney General Joshua Abraham Edwards, and
Solicitor Byron E. Gipson, all of Columbia, for
Respondent.

———————

**PER CURIAM:** Melvin J. White appeals his conviction and thirty-year sentence
for voluntary manslaughter. White argues the trial court erred in denying his

pretrial motion for immunity under the Protection of Persons and Property Act (the Act).

Because White was at fault in bringing about the difficulty and failed to prove he had a reasonable fear of death or great bodily injury, the trial court did not err in finding he is not entitled to immunity under the Act.   Accordingly, we affirm pursuant to Rule 220(b), SCACR, and the following authorities: *State v. Curry*, 406 S.C. 364, 370, 752 S.E.2d 263, 266 (2013) ("A claim of immunity under the Act requires a pretrial determination using a preponderance of the evidence standard, which [an appellate] court reviews under an abuse of discretion standard of review."); *State v. Oakes*, 421 S.C. 1, 13, 803 S.E.2d 911, 918 (Ct. App. 2017) ("An abuse of discretion occurs when the [trial] court's ruling is based on an error of law or, when grounded in factual conclusions, is without evidentiary support." (citation and internal quotation marks omitted)); *State v. Douglas*, 411 S.C. 307, 316, 768 S.E.2d 232, 238 (Ct. App. 2014) ("[T]he abuse of discretion standard of review does not allow [an appellate] court to reweigh the evidence or second-guess the trial court's assessment of witness credibility."); S.C. Code Ann. § 16-11-440(C) (2015) ("A person who is not engaged in an unlawful activity and who is attacked in another place where he has a right to be . . . has no duty to retreat and has the right to stand his ground and meet force with force . . . if he reasonably believes it is necessary to prevent death or great bodily injury to himself . . . ."); *Curry*, 406 S.C. at 371, 752 S.E.2d at 266 ("[T]he trial court must necessarily consider the elements of self-defense in determining a defendant's entitlement to the Act's immunity [under subsection C].  This includes all elements of self-defense, save the duty to retreat."); *id.* at 371 n.4, 752 S.E.2d at 266 n.4 (delineating the remaining elements of self-defense, including the defendant's belief he was in "imminent danger of losing his life or sustaining serious bodily injury, or he actually was in such imminent danger" and that "a reasonably prudent man of ordinary firmness and courage would have entertained the same belief"); *State v. Bryant*, 336 S.C. 340, 345, 520 S.E.2d 319, 322 (1999) ("Any act of the accused in violation of law and reasonably calculated to produce the occasion amounts to bringing on the difficulty and bars his right to assert self-defense as a justification or excuse for a homicide."); *State v. Slater*, 373 S.C. 66, 70, 644 S.E.2d 50, 52-53 (2007) (rejecting "the position that the unlawful possession of a weapon could never constitute an unlawful activity which would preclude the assertion of self-defense"); *id.* at 71, 644 S.E.2d at 53 (holding when the defendant's "actions, including the unlawful possession of the weapon, proximately caused the exchange of gunfire, and ultimately the death of the victim" the defendant "fails to meet the requirement that he be without fault in bringing on the difficulty and may not avail himself of a charge on self-defense").

**AFFIRMED.**[1]

**WILLIAMS, C.J., THOMAS, J., and LOCKEMY, A.J., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.